IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ERIE DIVISION

| | | |
|---|---|---|
| LAWRENCE REDMAN, Plaintiff | ) | 1:24-CV-00310-RAL |
| vs. | ) | RICHARD A. LANZILLO<br>Chief United States Magistrate Judge |
| RANDY IRWIN, et al., Defendants | ) | ORDER STRIKING DOCUMENTS FROM THE RECORD |

This action is proceeding on pro se Plaintiff Lawrence Redman's Second Amended Complaint. ECF No. 122. Pending before the Court are several dispositive motions filed by Defendants. Defendants Clarion Hospital and Dr. Smith each moved to dismiss the Second Amended Complaint under Fed. R. Civ. P. 12(b)(6) for failure to state a claim. ECF Nos. 124, 126. Plaintiff filed a response addressing both motions, ECF No. 134, and later filed two additional response briefs without leave of Court, ECF Nos. 150, 153.[1] Defendant Irwin also moved for dismissal under Fed. R. Civ. P. 12(b)(6), ECF No. 129, and Plaintiff filed a brief in opposition, ECF No. 144. Lastly, Defendants Howick, Manhattan, Austin-Strick, Raju, and Dorrion (collectively, "Medical Defendants") moved for dismissal under Fed. R. Civ. P. 12(b)(6), or, in the alternative, for summary judgment on the issue of exhaustion. *See*

[1] Although ECF No. 150 was docketed as a response to Medical Defendants' motion to dismiss/motion for summary judgment (ECF No. 140), the substance of ECF No. 150 is directed to Clarion Hospital's and Dr. Smith's motions to dismiss.

ECF Nos. 140, 142, 147. Plaintiff timely filed a response addressing the legal and factual bases for his claims but not Defendants' arguments as to exhaustion, ECF No. 152, and Medical Defendants filed a reply, ECF No. 154. Plaintiff then filed a second brief in opposition, this time including argument as to exhaustion, ECF No. 156, and Medical Defendants again replied, ECF No. 157. Thereafter, Plaintiff and Medical Defendants filed a series of additional briefs without seeking leave of Court. *See* ECF Nos. 160, 162, 163, 164, 165. In his most recent filing, Plaintiff begs leniency from the Court with the procedural rules due to his pro se status and lack of formal legal training. *See* ECF No. 165.[2]

Neither the Federal Rules of Civil Procedure nor this Court's Local Rules permit endless briefing of dispositive motions. Rather, motion practice generally encompasses only (1) a motion and brief in support, (2) a response in opposition to the motion, and (3) a reply to the opposing party's response.[3] Any further reply may only be filed with leave of Court. *See* General Practice and Procedures for Magistrate Judge Richard A. Lanzillo, Section II(B).

Here, Plaintiff improperly filed multiple briefs in opposition to Clarion Hospital's and Dr. Smith's motions to dismiss, as well as Medical Defendants' motion to dismiss/motion for summary judgment. Plaintiff did not seek permission from the Court to do so, and the Court is aware of no authority allowing Plaintiff to *sua sponte*

---

[2] The Court notes an additional filing that appears to be procedurally improper. On April 28, 2026, Plaintiff filed a document captioned "Plaintiff's Response to Motions for Summary Judgment." ECF No. 135. However, no summary judgment motions were pending at that time.

[3] Additionally, a motion for summary judgment must be accompanied by a concise statement of material facts and an appendix of supporting exhibits, and the opposing party must file a responsive concise statement of material facts. LCvR 56(B), (C).

file a surreply or additional response under the circumstances presented here. While courts afford some leniency to imprisoned pro se litigants, "there are limits to [this] procedural flexibility," and "they cannot flout procedural rules—they must abide by the same rules that apply to all other litigants." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citing *McNeil v. United States*, 508 U.S. 106, 113 (1993) ("[W]e have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel.")). Additionally, that Plaintiff improperly filed multiple oppositions to Medical Defendants' motion is not a license for Defendants to file their own additional reply briefs without first seeking leave from the Court. These filings by the parties have created unnecessary confusion on the docket and frustrate the Court's ability to "secure the just, speedy, and inexpensive determination of [this] action." Fed. R. Civ. P. 1.

Accordingly, because the documents noted above were not filed in accordance with the applicable rules, and to aid clarity of record, pursuant to Rule 1 of the Federal Rules of Civil Procedure and this Court's inherent authority to control its docket, the following documents are hereby STRICKEN from the record: ECF Nos. 135, 150, 153, 160, 162, 163, 164, and 165.[4] *See Weitzner v. Sanofi Pasteur Inc.*, 909 F.3d 604, 614 (3d Cir. 2018) ("It is beyond question that the District Court has the authority to strike filings that fail to comply with its local rules."); *Eash v. Riggins*

[4] The Court will exercise its discretion to permit Plaintiff's second response (ECF No. 156) to Medical Defendants' motion to dismiss/motion for summary judgment, and Defendants' reply brief (ECF No. 157) to Plaintiff's second response.

*Trucking Inc.*, 757 F.2d 557, 567 (3d Cir. 1985) ("A court's inherent power to manage its caseload, control its docket, and regulate the conduct of attorneys before it, provides authority to fashion tools that aid the court in getting on with the business of deciding cases.").

The Court cautions the parties that it will not consider any additional unauthorized briefs improperly filed in contravention of this Court's Orders and the applicable rules.

SO ORDERED this 29th day of September, 2026.

BY THE COURT:

RICHARD A. LANZILLO
CHIEF UNITED STATES MAGISTRATE JUDGE